**In re Petition for DISCIPLINARY ACTION AGAINST Barbara Ann NIMIS, a Minnesota Attorney, Registration No. 235428.**

**No. A11–1279.**

Supreme Court of Minnesota.

May 3, 2012.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a peti-

tion for disciplinary action and a supplemental petition for disciplinary action alleging that respondent Barbara Ann Nimis committed professional misconduct warranting public discipline, namely, failing to respond to inquiries from the Director's Office regarding overdrafts in her trust account, failing to maintain proper trust account books and records, improperly using her trust account, and commingling client and personal funds in her trust account, in violation of Minn. R. Prof. Conduct 1.15(a), (b), (c)(3) and (h), as interpreted by Appendix 1 thereto, and 8.1(b), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent now withdraws her previously filed answers to the petition and supplemental petition, unconditionally admits the allegations in the petition and the supplemental petition, admits her conduct violated the Rules of Professional Conduct, waives her rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension from the practice of law for a minimum of 30 days followed by a two-year period of probation, during which time respondent will be subject to conditions.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent is suspended from the practice of law, effective 14 days after the filing of this order, for a minimum of 30 days;

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that she is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court;

5. Upon reinstatement to the practice of law, respondent shall be subject to probation for two years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with her probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct; and

(c) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct. 1.15 and Appendix 1 thereto. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly

trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Minnesota IOLTA Program. Such books and records shall be made available to the Director within 30 days from the filing of the court's order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

6. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

BY THE COURT:

/s/ _____

Alan C. Page
Associate Justice